713 P.2d 1

**STATE of New Mexico,
Plaintiff-Appellee,**

v.

**Kent Wayne SHIRLEY,
Defendant-Appellant.**

No. 8362.

Court of Appeals of New Mexico.

Dec. 17, 1985.

James W. Klipstine, Jr., Carlsbad, for defendant-appellant.

Paul G. Bardacke, Atty. Gen., Bill Primm, Ass't Atty. Gen., Santa Fe, for plaintiff-appellee.

OPINION

MINZNER, Judge.

Defendant appeals the trial court's denial of his motion for a new trial. Defendant's docketing statement claimed the trial court abused its discretion in denying defendant's motion. *See State v. Volpato*, 102 N.M. 383, 696 P.2d 471 (1985). In assigning the case to a limited calendar, this court requested that the parties brief an additional question: whether the trial court had lost jurisdiction to rule on the motion for a new trial and, if not, whether the notice of appeal was timely. *See* NMSA 1978, Crim.P.R. 33(f) (Repl.Pamp.1985); NMSA 1978, Crim., Child.Ct., Dom.Rel. & W/C App.R. 202(a) (Repl.Pamp.1983); *National American Life Insurance Co. v. Baxter*, 73 N.M. 94, 385 P.2d 956 (1963). The parties have addressed both issues. We hold that defendant's appeal was timely and that the trial court did not abuse its discretion in denying his motion.

Defendant was convicted by a jury of aiding and abetting a burglary in violation of NMSA 1978, Sections 30–1–13 and 30–16–3(B) (Repl.Pamp.1984). This court affirmed his conviction in a memorandum opinion.

On August 6, 1984, defendant subsequently moved for a new trial on the basis of newly discovered evidence. Attached to the motion was an affidavit from Gaylen Gage (Gage), who was the principal in the burglary. Gage pled guilty to the burglary after he was arrested. He had been implicated by defendant shortly after defendant was arrested.

The affidavit provided, in relevant part:

3. Kent Shirley left the area after I got out of the car near the house that was broken into after learning what was going to happen.

Defendant contends that Gage's testimony demonstrates he did not "procure, counsel, and or abet," *see* Section 30–1–13, and that he lacked the requisite intent, *see* Section 30–16–3.

The trial court held a hearing on November 27. The motion was denied on November 29, and defendant filed a notice of appeal on December 5.

**Trial Court Jurisdiction and Notice of Appeal**

Our calendaring notice suggested the appeal was untimely, because the motion had not been ruled upon and therefore was deemed denied thirty days after the motion was filed. *See* Crim.P.R. 33(f). Defendant contends this rule does not apply to motions for a new trial. The state argues that the rule applies to all motions, observing that the language of the statute, rather than its heading, conveys its intent. *See State v. Ellenberger*, 96 N.M. 287, 629 P.2d 1216 (1981). The state observes that the terms of the rule specifically include some motions beyond the apparent limitations of the statute's heading. *See id.* We agree with defendant.

NMSA 1975, Crim.P. Rule 45 (Repl. Pamp.1985), which specifically provides for new trial motions, does not provide that such motions are deemed denied thirty days after filing. *Cf.* Crim.P.R. 33(f). Rather, Crim.P. Rule 45(c) recognizes that such motions may be made while an appeal is pending, although the trial court may not grant the motion until the case has been remanded. Under some circumstances, a provision that deemed the motion denied thirty days after it was filed would be inconsistent with the balance of the rule. In addition, the rule recognizes the trial court's authority to grant a new trial on its own motion. *See* Crim.P.R. 45(a). A provision that deemed the motion denied thirty days after it was filed would have to take into account the court's own authority to grant a new trial. For these reasons, we hold that Crim.P. Rule 45 governs defendant's motion for a new trial.

As indicated by the committee commentary to New Mexico Criminal Procedure Rule 45, subsection (c) substantially follows the language of Federal Rule 33. Neither New Mexico's version of the rule nor the federal rule specifies the time limit within which a trial court must rule upon a motion for new trial.

5 L. Orfield, *Criminal Procedure Under the Federal Rules*, Section 33:82 (1967), notes:

> The District Court may proceed to make its ruling on the motion immediately after the hearing. It was held not objectionable in one case to have denied the motion "immediately after counsel for the defendants and for the Government had completed their arguments on the motion." The court may overrule immediately if the motion raises only issues considered during the trial, but not where it raises issues arising after submission of the case to the jury, or where newly discovered evidence is involved. *No time limit is fixed in Rule 33 as to how late the motion may be ruled upon, but a reasonable time should be permitted.* [Footnotes omitted, emphasis added.]

There being no provision otherwise in Crim.P. Rule 45 and no contention on appeal that the trial judge did not act within a reasonable time, defendant's motion was denied on November 29, when the trial court entered its order.

Defendant's appeal was timely under the applicable appellate rules. *See* Crim. App.R. 202(a). Contrary to the implication of our calendaring notice, *National American Life Insurance Co. v. Baxter* is not applicable.

The state has also argued in response to our calendaring notice that no appeal lies from a denial of a motion for a new trial. *State v. Volpato,* however, and other cases that address the merits of a denial of a motion for a new trial based on newly discovered evidence prevent us from entertaining this argument. *See Alexander v. Delgado,* 84 N.M. 717, 507 P.2d 778 (1973).

**Newly Discovered Evidence**

■ The state argues that defendant failed to preserve this appellate issue because he did not make the trial record a part of the record on appeal. The state contends that this failure renders review impossible because, absent the trial record, this court cannot ascertain whether the alleged newly discovered evidence meets all the criteria necessary for obtaining a new trial. While the state's position may be accurate as a general rule, *see State v. Padilla,* 95 N.M. 86, 619 P.2d 190 (Ct.App. 1980), this court takes judicial notice of its own records. *State v. Turner,* 81 N.M. 571, 469 P.2d 720 (Ct.App.1970). Because the record and tapes of defendant's trial were previously filed in this court, we reach the merits of this issue.

A motion for a new trial on the basis of newly-discovered evidence is not looked upon favorably, is not to be encouraged and should be examined with caution. *State v. Romero,* 42 N.M. 364, 78 P.2d 1112 (1938). Such a motion is addressed to the sound discretion of the trial court. *State v. Fuentes,* 67 N.M. 31, 351 P.2d 209 (1960). An order denying a motion for a new trial on the basis of newly-discovered evidence should not be overturned unless there has been a clear abuse of discretion. *See State v. Volpato; State v. Ramirez,* 79 N.M. 475, 444 P.2d 986 (1968).

■ The newly-discovered evidence must fulfill all of the following requirements: (1) it will probably change the result if a new trial is granted; (2) it must have been discovered since the trial; (3) it could not have been discovered before the trial by the exercise of due diligence; (4) it must be material; (5) it must not be merely cumulative; and (6) it must not be merely impeaching or contradictory. *State v. Volpato.* In view of the standard of review, we hold that the trial court did not abuse its discretion. Defendant's evidence failed to satisfy several of the requirements.

■ The question of whether the evidence produced in support of the motion will probably change the result is one peculiarly addressed to the discretion of the trial court. Although defendant contends Gage's affidavit exonerates him, the trial court might well have viewed it differently.

We affirmed defendant's conviction on the basis of direct and circumstantial evidence. Defendant and Gage discussed the burglary. Defendant went with Gage to a point in the road from which Gage went on

to commit the burglary. The circumstances under which defendant left the area were such that they pointed to defendant as assisting Gage in the burglary. Defendant's false statement at the scene was a circumstance indicative of guilt.

The affidavit confirms that defendant left Gage prior to the actual burglary. This fact was never disputed. The fact that defendant left Gage after he learned what was going to happen is at best evidence that he changed his mind. It is not necessarily evidence that he had not, prior to that time, already engaged in acts that would support the conviction for aiding and abetting. Contrary to defendant's argument, it is also not evidence that he did not have prior knowledge of the burglary and that he left the scene immediately after acquiring such knowledge. Consequently, the trial court might have concluded, with reason, that the evidence was, at best, cumulative, perhaps immaterial, and, in any event, probably would not change the result.

 In addition, defendant did not demonstrate that this testimony could not have been discovered with due diligence prior to trial. Although defendant contends he was not able to locate Gage after he was returned to the Texas authorities, the record discloses defense counsel made no attempt to contact any Texas authority in order to ascertain Gage's whereabouts. In addition, he did not attempt to depose Gage, did not attempt to subpoena him to testify at defendant's trial; and he did not seek a continuance of the trial upon learning from defendant, two days before trial, that Gage was not in prison in Texas. Under these circumstances, the trial court might have concluded that the testimony, if material, could have been discovered prior to trial. *Cf. State v. Perez,* 95 N.M. 262, 620 P.2d 1287 (1980) (failure to depose, subpoena potential witness known to defendant demonstrated lack of due diligence); *State v. Garcia,* 57 N.M. 665, 262 P.2d 233 (1953) (failure to interview eyewitness whose identity was known to defendant evidences lack of due diligence); *State v. Stephens,*

99 N.M. 32, 653 P.2d 863 (1982) (failure to discover an alleged material witness whom defendants should have known could provide evidence shows lack of due diligence).

**Conclusion**

For the foregoing reasons, we hold defendant's appeal was timely, but he has not demonstrated any error in the trial court's ruling. The trial court's order denying the new trial motion is affirmed.

IT IS SO ORDERED.

DONNELLY, C.J., and GARCIA, J., concur.