2003-NMCA-031

62 P.3d 1281

**STATE of New Mexico, Plaintiff–Appellee,**

v.

**Anthony Joseph SANDOVAL, Defendant–Appellant.**

**No. 22,294.**

Court of Appeals of New Mexico.

Dec. 19, 2002.

Patricia A. Madrid, Attorney General, Max Shepherd, Assistant Attorney General, Albuquerque, NM, for Appellee.

Phyllis H. Subin, Chief Public Defender, Theresa M. Duncan, Assistant Appellate Defender, Santa Fe, NM, for Appellant.

## OPINION

WECHSLER, Judge.

{1} Defendant Anthony Sandoval appeals his sentence under the Habitual Offender Act (the Act). NMSA 1978, § 31–18–17 (1993). The principal question he raises is whether the district court may commence trial if it does not grant a timely-filed petition for extension of time under Rule 5–604 NMRA 2002 until after the six-month time limit for commencement of trial has expired. We hold that Rule 5–604 requires the district court to act on the petition for extension prior to the expiration of the six-month period for commencement of trial. We therefore reverse Defendant's sentence under the Act.

### Commencement of Trial Under Rule 5–604

{2} After Defendant was convicted of forgery, the State filed a supplemental information to enhance Defendant's sentence under the Act. Section 31–18–17. Defendant was arraigned on the supplemental information on August 4, 2000. There was no question that the date to commence trial under Rule 5–604 was February 4, 2001. On January 5, 2001, the State filed a verified motion under Rule 5–604 to extend the time to begin trial. On February 21, 2001, Defendant filed a motion to dismiss the supplemental information on the basis that an extension of the six-month rule had not been granted and eighteen days had passed since the expiration date. At a hearing held on February 22, 2001, the district court denied the motion to dismiss and granted an extension of time to commence trial. The court stated that it had never received a copy of the request for extension, and it did not know about the request until it reviewed the court file after the filing of the motion to dismiss.

{3} Rule 5–604(B) requires that the trial of a criminal case or an habitual criminal proceeding be commenced within six months after the last occurring of several events. The arraignment on the supplemental information is the applicable occurrence in this case. The rule allows for extensions of the six-month period as subsequently established by the trial judge, the Supreme Court, or a justice of the Supreme Court. Rule 5–604(C), (D). The party seeking an extension must file a verified petition within the time period allowed for trial within the rule with one exception, which is not applicable in this case. Rule 5–604(E). The rule allows counsel opposing an extension to file an objection within five days after service of the petition. *Id.* It states that the court will act on the petition without a hearing unless otherwise ordered. *Id.* However, the rule does not specifically state whether the court must act on a timely-filed petition for extension before the expiration of the applicable time limit, and we are called upon to interpret Rule 5–604 to answer that question in this appeal.

{4} We interpret Rule 5–604 for intent by applying the same rules of construction that we apply to statutory interpretation. *State v. Eden,* 108 N.M. 737, 741, 779 P.2d 114, 118 (Ct.App.1989). We make this determination by way of de novo review. *See State v. Solano,* 1999–NMCA–019, ¶ 5, 126 N.M. 662, 974 P.2d 156.

{5} When pursuing the intent of a statute or rule, we first look to the plain meaning. *Eden,* 108 N.M. at 741, 779 P.2d at 118. Rule 5–604(B) states that the trial "shall be commenced" within six months. Under Subsection F of the Rule, if trial does not commence within six months "or within the period of any extension granted," the indictment or information shall be dismissed with prejudice. Rule 5–604(F). This language states that commencement of trial within the stated period is mandatory. Nevertheless, the operation of Rule 5–604 is not jurisdictional; dismissal follows the failure to timely commence trial only if the defendant files a motion to dismiss. *See State v. Vigil,* 85 N.M. 328, 332, 512 P.2d 88, 92 (Ct.App. 1973) (holding that commencing trial within time limits is not mandatory unless defendant seeks a dismissal). Moreover, the court may not dismiss if the defendant waived his

or her rights under the rule. *See State v. Eskridge,* 1997–NMCA–106, ¶ 10, 124 N.M. 227, 947 P.2d 502 (affirming denial of defendant's motion to dismiss based on determination that defendant waived Rule 5–604 rights).

{6} The State contends that Rule 5–604 is properly read in conjunction with Rule 5–601(F) NMRA 2002 and Rule 5–104(B) NMRA 2002. Rule 5–601(F) affords the court a reasonable time to rule upon pretrial motions. Rule 5–104(B) provides:

**Enlargement.** When by these rules or by a notice given thereunder or by order of court, an act is required or allowed to be done at or within a specified time, the court for cause shown may, at any time in its discretion:

(1) with or without motion or notice, order the period enlarged if request therefor is made before the expiration of the period originally prescribed or as extended by a previous order; or

(2) upon motion made after the expiration of the specified period permit the act to be done; but it may not extend the time for making a motion for new trial, for taking an appeal, for making a motion for acquittal or for extending time for commencement of trial.

■ {7} At face value, the State's argument offers consistency. If we were to read the three rules together, the court would be afforded a reasonable time to rule upon a petition for an extension of time to commence trial as long as the petition was filed before the expiration of the existing time period. Such would be the case even if the petition was filed immediately before the time period expired. This reading of Rule 5–604(B) requires that the restriction on the court's ability to extend the time to commence trial contained in the last clause of Rule 5–104(B) pertain only to a motion for extension made after the expiration of the time to commence trial. The current paragraph structure and punctuation of the rule appear to support this interpretation.

{8} The history of the rule, however, reveals otherwise. Rule 5–104 was originally Rule 4 of the Rules of Criminal Procedure, effective July 1, 1972. NMSA 1953, § 41–23–4(b) (1972). The original rule provided:

(b) Enlargement. When by these rules or by a notice given thereunder or by order of court, an act is required or allowed to be done at or within a specified time, the court for cause shown may, at any time in its discretion (1) with or without motion or notice, order the period enlarged if request therefor is made before the expiration of the period originally prescribed or as extended by a previous order, or (2) upon motion made after the expiration of the specified period permit the act to be done; but it may not extend the time for making a motion for new trial, for taking an appeal, for making a motion for acquittal or for extending time for commencement of trial.

Rule 4 was nearly identical in content and structure to Rule 45 of the Federal Rules of Criminal Procedure. *See* Fed.R.Crim.P. 45.

{9} The paragraph structure and punctuation of Rule 4 changed with its compilation as Rule 5–104(B). *See* § 41–23–4(b); SCRA 1986, Rule 5–104(B). The modification at that time divided the numbered provisions within Rule 5–104(B) into paragraphs, which were then introduced by a colon and separated by a semicolon. The 1986 compilation maintained the clause containing the restriction on the court's ability to extend the time to commence trial, which is preceded by a semicolon.

■ {10} Under the current compilation, the restriction on the court's ability to extend the time to commence trial can reasonably be read to refer only to the last paragraph of the rule, relating to motions made after the expiration of the specified period. However, we cannot account for the modification to the rule included in the 1986 compilation. The Supreme Court has not amended the rule since its adoption in 1972. With no record of amendment, we conclude that the compiler made the modification to the paragraph structure and punctuation when compiling Rule 4(b) as Rule 5–104(B). A compiler's modification, without Supreme Court action, does not have substantive effect. *See Spingola v. Spingola,* 91 N.M. 737, 745, 580 P.2d 958, 966 (1978) (stating that the power to

make rules regarding practice and procedure is vested solely in the Supreme Court); *Treider v. Doherty & Co.,* 86 N.M. 735, 738, 527 P.2d 498, 501 (Ct.App.1974) (noting that footnote statements included by the compiler that conflict with the text of a statute are not controlling).

{11} We therefore analyze the last clause of Rule 5–104(B), containing the restriction on the court's ability to extend the time to commence trial, as it appears in the original rule. Because the semicolon introducing the last clause separates that clause, an independent clause, from the entire preceding part of the sentence, also an independent clause, the last clause relates to the entire preceding part of the sentence. *See Drinkwater v. State,* 69 Wis.2d 60, 230 N.W.2d 126, 132 (1975) (finding that semicolon modified all antecedents in compound sentence, not solely the last antecedent). Thus, the last clause applies to motions made both prior to and after the expiration of the time period and evidences the intent of the Supreme Court to exclude an extension of time for commencing trial, taking an appeal, and making motions for a new trial and acquittal from the court's ability to otherwise enlarge a period of time required to perform an act allowed under the Rules of Criminal Procedure.

{12} Like commencement of trial, two of the other exclusions stated in Rule 5–104(B) are also addressed by rules which specifically cover the applicable time limits and procedures for extending the time to act. *See* Rule 5–614(C) NMRA 2002 (requiring that motion for a new trial be made within ten days or such time as fixed by the court during that ten-day period); Rule 12–201(A)(2) NMRA 2002 (stating that notice of appeal must be filed within thirty days after the judgment or order appealed from is filed in the district court clerk's office). This structure within the rule furthers our belief that the Supreme Court intended Rule 5–604 to specifically cover the procedure for petitioning for an extension of time to commence trial within Rule 5–604, to the exclusion of Rule 5–104(B).

{13} Rule 5–604 contains no provision allowing the court to rule upon a petition for an extension of time after the time for com-

mencement of trial has expired. Rather, Rule 5–604 is specific in its requirement that trial be commenced within the applicable six-month period unless that time period has been properly extended. The purpose of the rule is "to assure prompt disposition of criminal cases." *Eden,* 108 N.M. at 741, 779 P.2d at 118. The Supreme Court achieved this purpose by adopting a bright-line rule ending the time for commencement of trial at the conclusion of the six-month period.

{14} Similarly, Rule 5–601, which allows the court a reasonable time to act on motions, does not override the intent of Rule 5–604 as the State argues. Rule 5–604 specifically addresses the time for commencement of trial. Its specific provisions take precedence over Rule 5–601, which discusses the procedure in a general way. *See State v. Santillanes,* 2001–NMSC–018, ¶ 7, 130 N.M. 464, 27 P.3d 456 (stating that under the general/specific rule of statutory construction, "the more specific statute will prevail over the more general statute absent a clear expression of legislative intent to the contrary").

{15} As a result, the district court did not have the authority to grant the State's petition for an extension of time eighteen days after the time to commence trial.

### Conclusion

{16} The district court may not grant an extension of time to commence trial after the applicable six-month period to commence trial under Rule 5–604 has expired. We reverse Defendant's sentence under the Act.

{17} **IT IS SO ORDERED.**

WE CONCUR: RICHARD C. BOSSON, Chief Judge and IRA ROBINSON, Judge.