2003-NMSC-027

78 P.3d 907

**STATE of New Mexico, Plaintiff–Petitioner,**

v.

**Anthony Joseph SANDOVAL, Defendant–Respondent.**

**No. 27,881.**

Supreme Court of New Mexico.

Oct. 7, 2003.

Patricia A. Madrid, Attorney General, Max Shepherd, Assistant Attorney General, Albuquerque, NM, for Petitioner.

John Bigelow, Chief Public Defender, Karl Erich Martell, Assistant Appellate Defender, Santa Fe, NM, for Respondent.

*OPINION*

SERNA, Justice.

{1} The district court sentenced Defendant Anthony Sandoval as a habitual offender based on three prior felony convictions. Defendant appealed his sentence to the Court of Appeals on the ground that it violated the requirement in Rule 5–604(B)(1) NMRA 2003 that the habitual criminal proceeding be commenced within six months of arraignment. The Court of Appeals reversed, holding that the district court lacked authority to grant a petition to extend the time for commencement of trial once the six month time period under Rule 5–604 expired. *State v. Sandoval*, 2003–NMCA–031, ¶ 16, 133 N.M. 399, 62 P.3d 1281, *cert. granted*, No. 27,881, 133 N.M. 413, 63 P.3d 516 (2003). On certiorari, we hold that Rule 5–604 allows the court a reasonable time to rule on timely-filed petitions to extend. We therefore reverse the Court of Appeals.

## I. Facts

{2} Defendant was arraigned on the State's supplemental information on August 4, 2000. As a result, the six-month rule was scheduled to run on February 4, 2001. *See* Rule 5–604(B)(1). On January 25, 2001, the State filed a motion in the district court to extend the date for commencement of trial to May 4, 2001. The State noted in its motion that a new trial date was necessary because the judge assigned to the case had been presiding over another trial on the previously set trial date of January 23, 2001. Defendant filed a motion to dismiss on February 21, 2001, based on the fact that the district court had not granted an extension before the expiration of the six months provided in Rule 5–604. At a hearing the following day, the district court denied Defendant's motion and granted the State's petition to extend. The district court then proceeded with Defendant's habitual offender proceeding on February 22, 2001. After being sentenced as a habitual offender, Defendant appealed.[1]

## II. The District Court's Authority to Rule on a Timely Petition to Extend

{3} Under Rule 5–604, parties may petition either the district court or this Court to extend the time for commencement of trial for good cause shown. Rule 5–604(C)–(E). Absent exceptional circumstances beyond the control of the State or the trial court, "[t]he petition shall be filed within the applicable time limits prescribed by this rule." Rule 5–604(E). The State complied with this rule by filing its petition within the applicable time limits. However, Rule 5–604 does not provide a time within which the district court, this Court, or a justice of this Court must rule on a timely-filed motion. Rule 5–604 is effectively silent on this question.

{4} Defendant contends that, even though the State's petition was timely filed, the district court lacked authority to rule on the State's petition to extend the time for commencement of trial once the six-month rule expired on February 4, 2001. Defendant relies on Rule 5–604(F), which states: "In the event the trial of any person does not commence within the time specified in Paragraph B of this rule or within the period of any extension granted as provided in this rule, the information or indictment filed against such person shall be dismissed with prejudice." Defendant contends that the directive "shall be dismissed" creates a mandatory requirement that implicitly deprives this Court and the district court of authority to rule on any petition to extend after the six month period has expired, even if the petition was filed in a timely manner before the end of the applicable time limit.

{5} The State, in contrast, contends that Rule 5–604 must be construed according to other rules of criminal procedure because the rule is silent with respect to the time limit for ruling on a timely-filed petition. The State relies on Rule 5–601(F) NMRA 2003, which establishes a general rule that "[a]ll motions shall be disposed of within a reasonable time after filing," and Rule 5–104(B)(1) NMRA 2003, which recognizes the discretion of the district court to enlarge a time limitation contained in the Rules of Criminal Procedure if requested before the applicable time limitation expires. The State contends that, under these rules, the district court has a reasonable time after filing to rule on a timely-filed Rule 5–604(E) petition, regardless of the expiration of the six-month period under Rule 5–604(B)(1). We agree.

{6} We begin by addressing Rule 5–104(B). This rule currently provides:

When by these rules or by a notice given thereunder or by order of court, an act is

---

1. We recognize that Defendant also raised in the Court of Appeals issues other than the granting of the State's petition to extend. Defendant argued that he had a right to a jury and to the standard of proof of beyond a reasonable doubt in the habitual criminal proceeding and that there was insufficient evidence that one of his prior convictions was a felony. Defendant abandoned an additional argument that his habitual criminal proceeding violated his right to a speedy trial. *See State v. Aragon,* 109 N.M. 632, 634, 788 P.2d 932, 934 (Ct.App.1990) ("All issues raised in the docketing statement but not argued in the briefs have been abandoned."). The Court of Appeals did not address these other issues, and they are not before this Court on the State's petition for writ of certiorari to the Court of Appeals. *See State v. Van Cleave,* 2001–NMSC–031, ¶ 2, 131 N.M. 82, 33 P.3d 633.

required or allowed to be done at or within a specified time, the court for cause shown may, at any time in its discretion:

(1) with or without motion or notice, order the period enlarged if request therefor is made before the expiration of the period originally prescribed or as extended by a previous order; or

(2) upon motion made after the expiration of the specified period permit the act to be done; but it may not extend the time for making a motion for new trial, for taking an appeal, for making a motion for acquittal or for extending time for commencement of trial.

Rule 5–104(B).

{7} The Court of Appeals rejected the State's interpretation of Rule 5–104(B). *Sandoval*, 2003–NMCA–031, ¶¶ 6–12, 133 N.M. 399, 62 P.3d 1281. The Court noted that this rule was initially enacted as Rule 4 of the Rules of Criminal Procedure, N.M. Rule Crim. Proc. 4(b) (originally codified at NMSA 1953, § 41–23–4(b)), which became effective on July 1, 1972. *Sandoval*, 2003–NMCA–031, ¶ 8, 133 N.M. 399, 62 P.3d 1281. The Court of Appeals also noted that the original compilation of this rule differed from the currently published rule because parts one and two of Subsection B were originally separated by a comma rather than a semicolon and there were no paragraph breaks within Subsection B. *Id.* ¶ 9. The Court determined that this change first occurred in 1986 with a recompilation. *Id.* The Court of Appeals could not account for this change because, according to the Court, "[t]he Supreme Court has not amended the rule since its adoption in 1972." *Id.* ¶ 10. The Court of Appeals focused on the following language that appears in subpart two: "but [the court] may not extend the time *for making a motion for new trial, for taking an appeal, for making a motion for acquittal or for extending time for commencement of trial.*" Rule 5–104(B)(2). The Court of Appeals relied on the use of a comma between the subparts, instead of a semicolon, in the original compilation to conclude that this phrase applies to both motions filed after the expiration of the specified period, as discussed in subpart two, and motions filed before the time period ex-

pires, as discussed in subpart one. *Sandoval*, 2003–NMCA–031, ¶ 11, 133 N.M. 399, 62 P.3d 1281. The Court of Appeals acknowledged that the interpretation of the rule would differ if the semicolon appearing in the published rule were accurate because the last clause of the rule would then grammatically apply only to subpart two, consistent with the State's argument. *See id.* ¶ 7. However, the Court attributed the changes in the rule to the compiler rather than this Court. *Id.* ¶ 10. By analogy to the proposition that footnote statements by the compiler are not controlling, *see Treider v. Doherty & Co.*, 86 N.M. 735, 738, 527 P.2d 498, 501 (Ct.App. 1974), the Court determined that "[a] compiler's modification, without Supreme Court action, does not have substantive effect." *Sandoval*, 2003–NMCA–031, ¶ 10, 133 N.M. 399, 62 P.3d 1281. The Court of Appeals thus applied the rule as originally compiled in 1972 and concluded that the final phrase in Rule 5–104(B) excludes both timely and untimely petitions to extend the time for commencement of trial from the district court's discretionary power of enlargement. *Sandoval*, 2003–NMCA–031, ¶ 11, 133 N.M. 399, 62 P.3d 1281. For the reasons discussed below, we conclude that the Court of Appeals erred in its interpretation of Rule 5–104(B).

■ {8} The Court of Appeals' premise that the compiler modified Rule 5–104(B) is incorrect for two reasons. First, despite the Court of Appeals' statement to the contrary, this Court in fact amended Rule 5–104 on August 17, 1995, and we re-adopted the rule in full at that time. We further ordered that the rule be published in the Bar Bulletin and in Supreme Court Rules Annotated. The rule now appears in New Mexico Rules Annotated in the exact form adopted by this Court in 1995, and the amendment is reflected by the effective date, which is a part of the rule adopted by this Court, as well as in the compiler's annotation. Because the amended version of Rule 5–104 applies to all cases filed in district court on or after October 1, 1995, it governs the present matter. As a result, any modification of the rule in the 1986 recompilation is irrelevant for purposes of this case.

{9} Second, this Court ordered the recompilation of court rules, instructions, and forms in 1986, which we entitled the 1986 Supreme Court Rules Annotated. We authorized the Compilation Commission to follow a set of drafting guidelines in the recompilation, and we approved the recompiled version of the rules, instructions, and forms. Thus, the version of Rule 5–104(B) appearing in the 1986 Supreme Court Rules Annotated was an official version approved by this Court. Additionally, compiled versions of statutes and court rules, certified by the Compilation Commission, are presumptively official. *See* NMSA 1978, § 12–1–3(B)–(C) (1979) (empowering the New Mexico Compilation Commission "to provide for official, annotated compilations of the New Mexico statutes" and "to determine whether such compilation contains the basic law and the general law of New Mexico"); NMSA 1978, § 12–1–7 (1977) (providing that a certified compilation by the Compilation Commission "shall be in force, and printed copies thereof shall be ... recognized ... in all the courts and in all departments and offices of the state as the official compilation of the statutory law of New Mexico"). For this reason, *Treider* is inapposite. We distinguish the issue of the effect to be given a compiler annotation from the question of whether a compiled version of a rule or statute should be considered official. We conclude that the Court of Appeals erred in determining that the 1986 recompilation was unofficial. Under the official version of Rule 5–104, as recompiled in 1986 and as amended and re-adopted in 1995, the final clause grammatically applies only to subpart two of Paragraph B because a semicolon separates it from subpart one.

{10} Moreover, apart from the differences between the current version of Rule 5–104(B) and the version of the rule appearing in the 1972 compilation, we believe that the Court of Appeals' construction of the final clause in Rule 5–104(B) is flawed. Under the Court of Appeals' interpretation, this clause would read in relevant part, omitting ellipses, that the court "may not extend the time for extending the time for commencement of trial." We believe that this interpretation, by including the phrase "extend the time for extending the time," makes little grammatical sense. The structure of the rule supports a more meaningful construction. Rule 5–104(B)(2) states that the court "may not extend the time for making a motion for new trial, for taking an appeal, for making a motion for acquittal or for extending time for commencement of trial." With respect to commencement of trial, we believe that the proper interpretation of this language requires that the phrase "for making a motion" apply to both "acquittal" and "for extending time for commencement of trial." With this interpretation, the rule states in relevant part that the court "may not extend the time ... for making a motion ... for extending time for commencement of trial." We believe that the structure of the rule, whether as originally compiled, as recompiled in 1986, or as amended by this Court in 1995, reveals our intention to prevent courts from extending the time for a party to file a motion to extend the time for commencement of trial but not to prevent the court from ruling upon a motion that has been filed in a timely manner.

{11} The semicolon between the two subparts of Rule 5–104(B) merely clarifies the meaning of the final clause in subpart two; it does not alter the meaning of this provision. The final clause of Rule 5–104(B) restricts the court's power to extend the time for filing a motion. Because Rule 5–604(E) requires that a petition to extend be filed before the six months expires, the final clause of Rule 5–104(B) applies only to cases in which a petition has not been filed within this time limit. In other words, the final clause of Rule 5–104(B) applies only to motions for enlargement "made after the expiration of the specified period" as described in Rule 5–104(B)(2). The purpose of this clause is clear. The rule specifically governing the time for commencement of trial contains an express provision for filing petitions to extend after the six-month time limit has expired. Rule 5–604(E) (providing that petitions to extend may be filed up to ten days after the six-month rule has expired for exceptional circumstances beyond the control of the State or the trial court). The rules governing motions for new trial and filing a

notice of appeal, which are also listed in the final clause of Rule 5–104(B), similarly contain explicit language governing the extension of time limits for filing. *See* Rule 5–614(C) NMRA 2003 (providing that a motion for new trial must be made within ten days of the verdict unless the court extends the time before the ten days expires); Rule 12–201 NMRA 2003 (providing that a notice of appeal shall be filed within thirty days of judgment but that the district court can extend this time after the thirty days expires for excusable neglect). Therefore, the purpose of the final clause in Rule 5–104(B) is to prevent a conflict with these other rules. Because the rules specifically governing these procedural stages contain the criteria for filings after the expiration of the applicable time limit, this Court intended to prevent Rule 5–104(B)(2) from being construed as an exception to the requirements of those rules. Thus, the clause was not intended to apply to motions, such as the one in the present case, that are filed in a timely manner before the specified period expires. For timely-filed motions, including petitions to extend, Rule 5–104(B)(1) recognizes the district court's discretion to enlarge the period within which the act is required or allowed to be done.[2]

{12} Read in this manner, we believe that Rule 5–104(B) is consistent with Rule 5–604 and Rule 5–601(F). As noted previously, Rule 5–604 is silent with respect to the time the court has to rule on a timely-filed petition to extend. Defendant argues that Rule 5–604 is self-contained and that no reference should be made to other rules. However, under Rule 5–604, "[t]ime is computed pursuant to Paragraph A of Rule 5–104." Rule 5–604 committee cmt. We believe that Rule 5–604 should not be read in isolation and that it should be construed in harmony with Rule 5–104(B). Additionally, the plain language of the rule, standing alone, contradicts Defendant's position. Rule 5–604(E) allows parties to file a petition at any point prior to the end of the applicable six-month time limit. Rule 5–604(E) further provides that, "[w]ithin five (5) days after service of the petition, opposing counsel may file an objection to the extension setting forth the reasons for such objection." Filing the petition to extend at the end of the six months, as the rule allows, would necessarily cause the time for filing an objection to occur after the time limitation expires. We interpret Rule 5–604 in accordance with common sense and with the understanding that it is not designed to effect dismissals by overly technical applications. *State v. Flores*, 99 N.M. 44, 46, 653 P.2d 875, 877 (1982). Thus, we conclude that, consistent with Rule 5–104(B)(1) and Rule 5–601(F), Rule 5–604(E) inherently contemplates that the court will retain authority to rule on the timely-filed petition to extend beyond the initial six-month period.

{13} We have previously addressed the argument that a time limitation for filing a motion under a rule of criminal procedure should also serve to restrict the court's authority to rule on a timely-filed motion. In *Hayes v. State*, 106 N.M. 806, 751 P.2d 186 (1988), this Court interpreted a former version of Rule 5–801 NMRA 2003. At that time, Rule 5–801 provided that the district court could reduce a sentence within thirty days of the appellate court's order affirming a judgment of conviction. *Hayes*, 106 N.M. at 807, 751 P.2d at 187. As with Rule 5–604, Rule 5–801 was then silent on whether the district court was required to rule on the motion within the thirty-day time limit or whether the court could rule on a timely-filed motion after the time limit expired. *See Hayes*, 106 N.M. at 807, 751 P.2d at 187. Somewhat like the Court of Appeals' construction of Rule 5–604 in the present case, the Court of Appeals in *Hayes* interpreted Rule 5–801 to require the district court to rule on a motion to reduce sentence before the thirty days expired. *Hayes*, 106 N.M. at 807–08, 751 P.2d at 187–88. Because the district court had not ruled on the matter within thirty days, the Court of Appeals held that the district court lacked jurisdiction to enter a ruling, even though the defendant had filed the motion in a timely manner

---

2. We suggest that the Supreme Court Committee for the Rules of Criminal Procedure review Rule 5–104(B) to determine whether the language in the final clause should be modified to more clearly reflect its intended purpose. We note that, under our interpretation of the final clause, the conjunction "or" should appear before the second use of "for making a motion."

within the thirty-day period. *Id.* at 807, 751 P.2d at 187. This Court reversed the Court of Appeals and held that the thirty-day period was jurisdictional only "insofar as the *filing* of motions under Rule 5–801 is concerned ..., so that motions must be filed within thirty days of the entry of the appellate judgment. As to the *disposition* of the motion, however, the court possesses discretion to hear and decide motions *after* thirty days." *Id.* at 808, 751 P.2d at 188. This Court held that the district court had a reasonable time to rule on the motion, which we set as ninety days after the motion is filed. *Id.* The current version of Rule 5–801(B) reflects this latter holding in *Hayes* and provides that "[t]he court shall determine the motion within ninety (90) days after the date it is filed or the motion is deemed to be denied."

{14} In *State v. Shirley,* 103 N.M. 731, 732–33, 713 P.2d 1, 2–3 (Ct.App.1985), the Court of Appeals reviewed a former version of Rule 5–614, which governs motions for new trial. As with the rule at issue in *Hayes* and Rule 5–604 in the present case, the rule governing motions for new trial at issue in *Shirley* did not specify a time period within which the district court had to rule on a timely-filed motion. *Shirley,* 103 N.M. at 732, 713 P.2d at 2. As this Court held in *Hayes,* the Court of Appeals concluded that the district court had a reasonable time to rule on a timely-filed motion. *Id.* at 733, 713 P.2d at 3; *accord In re Michael L.,* 2002–NMCA–076, ¶¶ 10–11, 132 N.M. 479, 50 P.3d 574 (concluding that, for motions to reconsider a child's disposition under Rule 10–230.1 NMRA 2003, motions invited by the court are not subject to the provision for automatic denial of a motion within ninety days of filing and may be ruled upon after the ninety days expires as long as the district court acts within a reasonable time of filing), *cert. denied,* No. 25,567, 132 N.M. 484, 51 P.3d 527 (2002).

{15} As these authorities demonstrate, the time limitation in Rule 5–604 that applies to the filing of a petition to extend the time for commencement of trial does not limit the district court's authority to rule on a timely-filed motion. Under Rule 5–601(F) and Rule 5–104(B)(1), as well as our case law interpreting other rules of criminal procedure, we hold that the district court retains authority to rule on a timely-filed motion for a reasonable time. This principle applies equally to petitions to extend filed in this Court.

{16} Defendant did not argue in the district court or on appeal that the district court failed to act within a reasonable time of the State's filing, and we therefore do not address this unpreserved issue. *See Shirley,* 103 N.M. at 733, 713 P.2d at 3. However, we note that the State filed its motion on January 25, 2001, and the district court ruled on the motion on February 22, 2001.[3] At the hearing on February 22, 2001, the district court judge indicated that, even though the State's motion appeared in the court file, he had not received a copy and was unaware that the motion had been filed until the day of the hearing. Given our amendment of Rule 5–601(F) in 1999 deleting the provision that all motions not ruled upon within thirty days of filing shall be deemed denied, we take this opportunity to emphasize that it is important for parties and court clerks to be vigilant in notifying judges of pending petitions to extend, particularly if a significant amount of time has elapsed since the time of filing. Rule 5–604 is designed to ensure the prompt disposition of cases, *Flores,* 99 N.M. at 46, 653 P.2d at 877, and Rule 5–604(C) provides that the trial judge may only extend the time for commencement of trial for an additional three months. This context will be considered when applying the requirement in Rule 5–601(F) that a ruling be made within a reasonable time after the petition is filed.[4] *See United States v. Smith,* 650 F.2d

---

3. The Court of Appeals, and Defendant before this Court at oral argument, incorrectly identified the filing date as January 5, 2001. *Sandoval,* 2003–NMCA–031, ¶ 2, 133 N.M. 399, 62 P.3d 1281. The actual filing date is significant in that the district court was influenced by the fact that the motion was filed less than thirty days before the hearing.

4. Based on the purpose of Rule 5–604, the Supreme Court Committee for the Rules of Criminal Procedure may wish to consider whether it would be appropriate to include an automatic denial provision in the rule, such as the one currently found in Rule 5–614(C) providing that, "[i]f a motion for new trial is not granted within

206, 209 (9th Cir.1981) ("Reasonableness in this context must be evaluated in light of the policies supporting the time limitation and the reasons for the delay in each case.").

### III. Conclusion

{17} Under the Rules of Criminal Procedure, the district court had a reasonable time after filing to rule on the State's petition to extend the time for commencement of the habitual offender proceeding. We therefore agree with the district court's determination that it had the authority to rule on the State's petition to extend after the six-month rule expired on February 4, 2001. Because the court had authority to grant the petition on February 22, 2001, Defendant's habitual offender proceeding properly commenced within the period of extension and was thus not subject to dismissal under Rule 5–604(F). We reverse the Court of Appeals and affirm the district court's granting of the State's petition to extend. We remand this case to the Court of Appeals for resolution of Defendant's remaining claims on appeal.

{18} **IT IS SO ORDERED.**

WE CONCUR: PETRA JIMENEZ MAES, Chief Justice, PAMELA B. MINZNER and EDWARD L. CHÁVEZ, Justices.

thirty (30) days from the date it is filed, the motion is automatically denied."