This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

    Plaintiff-Appellee,

v.                                   **NO. 30,534**

**TYNEL DESHANE STEWARD,**

    Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF LINCOLN COUNTY**
**Karen L. Parsons, District Judge**

Gary K. King, Attorney General
Ann M. Harvey, Assistant Attorney General
Santa Fe, NM

for Appellee

Law Offices of Nancy L. Simmons, P.C.
Nancy L. Simmons
Albuquerque, NM

for Appellant

**MEMORANDUM OPINION**

**WECHSLER, Judge.**

Defendant Tynel Steward appeals a district court judgment and order revoking probation. On appeal, Defendant argues that (1) the State presented insufficient evidence to support the district court's conclusion that Defendant violated a condition of his probation, and (2) the manner the State presented evidence violated Defendant's due process rights. We affirm.

**BACKGROUND**

Defendant appeals a judgment and order revoking probation entered by the district court on June 14, 2010. On July 17, 2008, Defendant entered a no contest plea to charges of (1) possession of a firearm or destructive device by a felon, (2) resisting, evading, or obstructing an officer, (3) use or possession of drug paraphernalia, and (4) concealing identity. The district court sentenced Defendant to a total of four years less two days imprisonment but suspended the sentence and placed Defendant on supervised probation. As part of his conditions of probation, Defendant agreed to receive permission from his probation officer before leaving the county where he was supervised and/or residing. The order stipulated that a failure to obtain such permission could result in a revocation of Defendant's probation.

On January 12, 2010, the State filed a notification of arrest and petition for revocation of probation regarding Defendant, alleging four violations of Defendant's conditions of probation relating to an alleged arrest based on events occurring in Otero

County. The district court held an adjudicatory hearing on the alleged probation violations on May 21, 2010. At the conclusion of the hearing, the district court revoked Defendant's probation. As the sole ground for revoking Defendant's probation, the district court found that Defendant left his county of residence, Doña Ana County, without the permission of his probation officer.

On appeal, Defendant challenges the sufficiency of the evidence presented by the State as to Defendant's probation violation. Defendant also argues that the district court denied him due process "as the result of the State's presentation of evidence."

**STANDARD OF REVIEW**

In reviewing an argument that the State presented insufficient evidence to establish a probation violation, "we view the evidence in a light most favorable to the [State], indulging all reasonable inferences and resolving all conflicts to uphold the [district] court's decision." *In re Bruno R.*, 2003-NMCA-057, ¶ 9, 133 N.M. 566, 66 P.3d 339. "[W]e apply a two-step process, reviewing the evidence first in accordance with the standard just stated, and determining next whether the evidence, viewed in this manner, could persuade a rational trier of fact" that Defendant violated the terms of his probation. *Id.*

**SUFFICIENCY OF THE EVIDENCE FOR PROBATION REVOCATION**

A district court may revoke a defendant's probation, after a hearing, if the state

establishes that the defendant failed to comply with a condition of probation. *State v. Parsons*, 104 N.M. 123, 127, 717 P.2d 99, 103 (Ct. App. 1986). The state must prove a violation of a condition of a defendant's probation to a reasonable certainty. *Id.* Defendant argues that the State failed to prove that Defendant violated his probation by leaving Doña Ana County because the only evidence presented by the State "as to Defendant's presence outside of Doña Ana [C]ounty was . . . that his probation officer faxed some documents regarding Defendant to Otero County based on her belief that he had been located in Otero County."

We begin by examining the testimony at the revocation hearing. Rebecca Beaman, Defendant's probation officer, was the only witness to testify at the revocation hearing. The district court did not allow Beaman to answer questions regarding whether Defendant violated his probation, how Beaman knew that Defendant left Doña Ana County, how Beaman knew that Defendant had received new charges, or whether Defendant was arrested based on Defendant's hearsay and confrontation clause objections and Beaman's lack of personal knowledge. The district court did, however, hear testimony from Beaman regarding her issuing an "arrest and hold" warrant for Defendant. The following exchange took place:

State: Did you get a return on your warrant?

Beaman: No, I spoke with the Otero County Detention Center to confirm that [Defendant] was there and then faxed that arrest and hold

4

to them.

State: And you personally faxed that arrest and hold to them?

Beaman: Yes, ma'am.

State: And he was in Otero County?

Beaman: Yes, ma'am.

District court: When you faxed the arrest and hold, you faxed it (does not finish)

Beaman: Yes, ma'am, I confirmed he was there and faxed it.

District court: I am going to allow that testimony.

Beaman testified that when she issues an arrest and hold warrant, it is her general business practice to fax a copy to the location where the "probationer may be housed." Beaman further testified that Defendant was supposed to have a verifiable address in Doña Ana County and that Defendant did reside in Doña Ana County. Beaman also testified that she did not give permission for Defendant to be in Otero County.

Viewing this testimony in the light most favorable to the State, the testimony supports a finding that Defendant resided in Doña Ana County, Defendant did not have permission to be in Otero County, and Defendant was in the Otero County Detention Center. *See In re Bruno R.*, 2003-NMCA-057, ¶ 9. Although the State did not present any direct evidence of Defendant's presence in Otero County, Beaman's testimony that she faxed an arrest and hold warrant for Defendant to the Otero County

5

Detention Center after receiving some information and speaking with the Otero County Detention Center was sufficient circumstantial evidence to support a reasonable inference of Defendant's presence in Otero County. *See State v. Lopez*, 2011-NMCA-071, ¶ 7, __ N.M. __, 256 P.3d 977 (holding that circumstantial evidence was sufficient to support the factfinder's conclusion even though there was no direct evidence). The district court therefore did not err in determining that Defendant violated a condition of his probation by leaving Doña Ana County without the permission of his probation officer.

Defendant further argues that, assuming the State presented sufficient evidence that Defendant was in Otero County, the State failed to prove that Defendant's violation was willful as mandated by this Court in *Parsons*, 104 N.M. at 126-27, 717 P.2d at 102-03. In *Parsons*, 104 N.M. at 127-29, 717 P.2d at 103-05, this Court remanded the defendant's revocation of probation to the district court to determine compliance with the United States Supreme Court's decision in *Bearden v. Georgia*, 461 U.S. 660 (1983). In *Bearden*, 461 U.S. at 672, the Supreme Court held that a court violates a defendant's due process rights by revoking probation for failure to pay a fine or restitution when the defendant is indigent and did not willfully fail to pay. The Supreme Court held that a court "must inquire into the reasons for the failure to pay" the fine or restitution and that if a defendant made "sufficient bona fide efforts"

to pay, "the court must consider alternative measures of punishment other than imprisonment." *Id.* This Court, in *Parsons*, 104 N.M. at 125-27, 717 P.2d at 101-03, remanded to the district court to make a determination as to whether the defendant had the ability to pay a fine and probation costs when the defendant testified at the revocation hearing that he was unable to pay due to indigency.

This Court has since interpreted *Parsons* as requiring that the State "prove willful conduct on the part of the probationer so as to satisfy the applicable burden of proof." *In re Bruno R.*, 2003-NMCA-057, ¶ 11. However, this case does not involve Defendant's ability to pay a financial obligation. The issue is whether Defendant willfully left Doña Ana County without permission in violation of the conditions of his probation. As we have discussed, the evidence in that regard is sufficient evidence to show that Defendant willfully violated his probation. *See Parsons*, 104 N.M. at 128, 717 P.2d at 104 (stating that evidence establishing non-compliance with a condition of probation is sufficient to justify a finding that the failure was willful unless the defendant comes forward with evidence to excuse the non-compliance). The district court did not err in finding that Defendant willfully violated the conditions of his probation.

**DUE PROCESS**

Defendant further argues that the district court violated Defendant's due process

rights under *State v. Guthrie*, 2011-NMSC-014, ¶ 2, __ N.M. __, 257 P.3d 904, which "guide[d] the due process inquiry of our courts to focus more on the need for, and the utility of, confrontation of a live witness in the context" of probation revocation hearings and determined that courts should determine "whether confrontation of the witness is essential to the truth-finding process." The State contends that Defendant failed to preserve this argument.

"To preserve a question for review it must appear that a ruling or decision by the district court was fairly invoked[.]" Rule 12-216(A) NMRA. In order to fairly invoke a ruling, "an objection must be made with sufficient specificity to alert the mind of the trial court to the claimed error[.]" *State v. Riley*, 2010-NMSC-005, ¶ 24, 147 N.M. 557, 226 P.3d 656 (internal quotation marks and citation omitted). In this case, Defendant objected to Beaman's testimony that she faxed the arrest and hold warrant to the Otero County Detention Center after receiving information that Defendant was present and confirming that he was present based on hearsay and confrontation clause grounds. Defendant did not object on due process grounds in challenging this testimony. Defendant therefore failed to preserve this argument, and we will not address it now on appeal. *See State v. Sandoval*, 2003-NMSC-027, ¶ 16, 134 N.M. 453, 78 P.3d 907 (refusing to address an unpreserved argument on appeal).

**CONCLUSION**

8

For the foregoing reasons, we affirm.

**IT IS SO ORDERED.**

_____

**JAMES J. WECHSLER, Judge**

**WE CONCUR:**


_____

**RODERICK T. KENNEDY, Judge**


_____

**LINDA M. VANZI, Judge**