This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO**,

Plaintiff-Appellee,

v.                                                                    **No. 33,989**

**DION CHAVEZ,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SAN JUAN COUNTY**
**William C. Birdsall, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM
M. Victoria Wilson, Assistant Attorney General
Albuquerque, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Kathleen T. Baldridge, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**FRENCH, Judge.**

{1}    Dion Chavez (Defendant) appeals a district court judgment and order revoking probation. On appeal, Defendant argues (1) that the district court's conclusion that Defendant willfully violated a condition of his probation is not supported by substantial evidence, and (2) that Defendant's due process rights were violated during the probation revocation hearing. We affirm.

**BACKGROUND**

{2}    Defendant appeals the judgment and order revoking probation entered by the district court on March 5, 2014. On February 4, 2013, Defendant entered into a joint repeat offender plea and disposition agreement whereby he pleaded guilty to two counts of possession of a controlled substance (methamphetamine), contrary to NMSA 1978, Section 30-31-23(E) (2011); and one count of possession of drug paraphernalia, contrary to NMSA 1978, Section 30-31-25.1 (2001). On February 14, 2013, the district court sentenced Defendant to a total term of three years imprisonment less eleven days credit for time served but suspended the sentence and placed Defendant on supervised probation. As part of his conditions of probation Defendant was ordered to "[e]nter and successfully complete a treatment program as approved by the [o]ffice of [a]dult [p]arole and [p]robation."

{3}    Between February, 2013 and August, 2013, Defendant violated his probation twice—first, by testing positive for methamphetamine, and second, by failing to

2

complete drug court. Unable to gain acceptance into the Salvation Army treatment program, and having admitted that he violated his probation, Defendant requested that the court place him in the Four Winds treatment program, which the court granted. On December 11, 2013, the State filed a second motion to revoke Defendant's probation alleging that Defendant failed to complete the treatment program at Four Winds Recovery Center (Four Winds). The district court held an adjudicatory hearing on the alleged probation violation on January 16, 2014. The State relied on a letter regarding Defendant's behavior written by Defendant's treatment counselor, who was not present at the probation revocation hearing, as evidence of his failure to complete the treatment program. At the conclusion of the hearing, the district court found that Defendant had violated the terms of his probation. The sole ground for revoking Defendant's probation was Defendant's failure to complete his treatment at Four Winds.

{4}     On appeal, Defendant challenges the sufficiency of the evidence supporting the district court's conclusion that Defendant willfully violated the terms of his probation. Defendant further argues that the district court violated his right to confront the author of the letter used to prove Defendant violated the terms of his probation.

**SUFFICIENCY OF THE EVIDENCE**

**{5}**     When determining whether a district court's conclusion is supported by substantial evidence, "we view the evidence in a light most favorable to the [state], indulging all reasonable inferences and resolving all conflicts to uphold the [district] court's decision." *In re Bruno R.*, 2003-NMCA-057, ¶ 9, 133 N.M. 566, 66 P.3d 339. "[W]e apply a two-step process, reviewing the evidence first in accordance with the standard just stated, and determining next whether the evidence, viewed in this manner, could persuade a rational trier of fact" that the Defendant violated the terms of his probation. *Id.* A violation of probation need not be proved beyond a reasonable doubt. *See State v. Martinez*, 1989-NMCA-036, ¶ 4, 108 N.M. 604, 775 P.2d 1321. "The proof necessary is that which inclines a reasonable and impartial mind to the belief that a defendant has violated the terms of probation." *Id.*

**{6}**     A district court may revoke a defendant's probation after a hearing if the state establishes that the defendant failed to comply with a condition of probation. *See State v. Parsons*, 1986-NMCA-027, ¶ 19, 104 N.M. 123, 717 P.2d 99. The state must prove a violation of a condition of the defendant's probation to a reasonable certainty. *See id.* Defendant argues that the State failed to prove that Defendant violated his probation by merely relying on the testimony of his probation officer and the letter from Four Winds, and, more specifically, that the State failed to demonstrate that Defendant's conduct was willful.

4

{7}     We begin by examining the testimony at the probation revocation hearing. Arthur Martinez, Defendant's probation officer, was the only witness to testify. Defendant did not testify or present any rebuttal testimony or evidence. Martinez testified that he had received a call from Four Winds indicating that he should retrieve Defendant because Defendant was being "disruptive." Martinez subsequently received a letter from Four Winds written by Robert Harris, Defendant's treatment counselor at the facility. The State moved to introduce the letter into evidence. When asked if Defendant had any objection to the letter, counsel responded "No, Your Honor." The court admitted the letter. The letter from Four Winds stated in material part:

> [Defendant] was unsuccessfully discharged from the residential program here at Four Winds . . . . Due to his choice of behaviors that continued despite our efforts to redirect or point them out in hopes of him changing them. [Defendant] was given multiple opportunities to choose to include redirection by staff and being placed on a behavioral contract. [Defendant's] choice to continue these behaviors had a negative impact on his peers' ability to get the help they needed. It was decided at that time that his probation officer be contacted and asked to remove him from this program.

{8}     Defendant's counsel cross-examined Martinez, specifically asking about the length of time allotted for Defendant to complete his treatment and whether Harris, the author of the letter, was in fact Defendant's treatment counselor. The State rested. Defendant then rested without presenting any testimony or evidence.

5

**{9}** Based on the evidence before it, the district court ruled that it had, "no doubt that [Defendant] violated [the terms of probation] by not completing Four Winds." Only after the district court had ruled on the probation violation did Defendant raise the issues upon which he bases this appeal. In closing argument, Defendant argued that the State had not presented evidence of a willful violation to a reasonable certainty and that Harris's absence at the hearing violated Defendant's right to confront adverse witnesses.

**{10}** Viewing the testimony and the letter in a light most favorable to the State, the evidence supports a finding that Defendant failed to complete his treatment program and therefore violated his probation. *See Bruno R.*, 2003-NMCA-057, ¶ 9. Defendant himself noted: "The evidence is undisputed that [Defendant] received an unsuccessful discharge from the Four Winds recovery program—the successful completion of which was a condition of probation."

**{11}** Defendant further argues that assuming the State presented sufficient evidence that Defendant violated a term of his probation by failing to complete the drug program, the State failed to prove that Defendant's violation was willful as mandated by *Parsons*, 1986-NMCA-027, ¶ 25 and *Bruno R.*, 2003-NMCA-057, ¶ 13. We conclude that the evidence in this regard is sufficient to show that Defendant willfully violated his probation. The district court did not err in finding that Defendant willfully

6

violated the conditions of his probation. *See Parsons*, 1986-NMCA-027, ¶ 25 ("In a probation revocation proceeding, if a defendant fails to present evidence [to excuse his non-compliance], evidence establishing his non-compliance is sufficient to justify a finding that his failure was willful or without lawful excuse. Once the state offers proof of a breach of a material condition of probation, the defendant must come forward with evidence to excuse non-compliance by showing . . . that the failure to [comply with the condition of probation] was not willful." (citation omitted)).

**DUE PROCESS**

{12}     Defendant argues that the district court violated Defendant's due process rights under *Guthrie*, requiring the due process inquiry "to focus more on the need for, and the utility of, confrontation of a live witness in the context of [probation revocation hearings]." *State v. Guthrie*, 2011-NMSC-014, ¶ 2, 150 N.M. 84, 257 P.3d 904. Courts should determine "whether confrontation of the witness is essential to the truth-finding process." *Id.* The State contends that Defendant failed to preserve this argument by not objecting to the use of the letter at the time of its introduction.

{13}     "To preserve a question for review it must appear that a ruling or decision by the district court was fairly invoked[.]" Rule 12-216(A) NMRA (1993, recompiled and amended as Rule 12-321 NMRA, effective Dec. 31, 2016). In order to fairly invoke a ruling, "an objection must be made with sufficient specificity to alert the mind of the

trial court to the claimed error[.]" *State v. Riley*, 2010-NMSC-005, ¶ 24, 147 N.M. 557, 226 P.3d 656 (internal quotation marks and citation omitted), *overruled on other grounds by State v. Montoya*, 2013-NMSC-020, ¶ 54, 306 P.3d 426. It is undisputed that Defendant did not object to the letter or the testimony of his probation officer at the time of their introduction or at any time throughout the proceedings. We fail to see how a closing argument, made after the close of the evidence, can fairly alert the district court to the confrontation issue raised by Defendant. *See State v. Onsurez*, 2002-NMCA-082, ¶ 20, 132 N.M. 485, 51 P.3d 528 (holding that a defendant failed to preserve his objection when he waited until closing argument to point out the error). Defendant did not object to the State's evidence on any ground—due process, confrontation, or otherwise. Defendant therefore failed to preserve this argument, and we will not address it now on appeal. *See State v. Sandoval*, 2003-NMSC-027, ¶ 16, 134 N.M. 453, 78 P.3d 907 (refusing to address an unpreserved argument on appeal).

{14}    We affirm the district court's decision to revoke Defendant's probation.

{15}    **IT IS SO ORDERED.**


_____
**STEPHEN G. FRENCH, Judge**

**WE CONCUR:**

_____
**MICHAEL E. VIGIL, Judge**

_____
**J. MILES HANISEE, Judge**