This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-43152**

**STATE OF NEW MEXICO,**

      Plaintiff-Appellee,

v.

**ERICK ALCALA PACHECO,**

      Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF EDDY COUNTY**
**Lisa B. Riley, District Court Judge**

Raúl Torrez, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Santa Fe, NM
Mark A. Peralta-Silva, Assistant Appellate Defender
Albuquerque, NM

for Appellant

## MEMORANDUM OPINION

**WRAY, Judge.**

**{1}**    Defendant appeals from the district court's order revoking his probation and committing Defendant to the New Mexico Corrections Department. We issued a calendar notice proposing to affirm. Defendant filed a memorandum in opposition, which we have duly considered. Unpersuaded, we affirm.

**{2}**    Defendant maintains the State violated Defendant's due process rights by not disclosing the existence of a lapel camera recording of the interaction between

Defendant and the officer. [MIO 3] Defendant states that he learned about the existence of the video at the hearing when the officer testified. [MIO 7; DS 2] In our calendar notice, we noted that the docketing statement did not state how this issue was preserved for review. [CN 6] *See* Rule 12-208(D)(4) NMRA (requiring a docketing statement to include a statement of how an issue was reserved for review). In his memorandum in opposition, Defendant contends he preserved this issue for review by filing a request for discovery before the revocation hearing, which included a request for video recordings made by officers. [MIO 3; RP 138]

{3}     We are unpersuaded that this issue was preserved. "To preserve a question for review, it must appear that a ruling or decision by the [district] court was fairly invoked." Rule 12-321(A) NMRA. "In order to preserve an issue for appeal, a defendant must make a timely objection that specifically apprises the [district] court of the nature of the claimed error and invokes an intelligent ruling thereon." *State v. Montoya*, 2015-NMSC-010, ¶ 45, 345 P.3d 1056 (internal quotation marks and citation omitted). In considering the importance of preservation, we note that a probationer's right to due process in revocation proceedings "is flexible and calls for procedural protections *as the particular situation demands.*" *State v. Guthrie*, 2011-NMSC-014, ¶ 33, 150 N.M. 84, 257 P.3d 904 (emphasis added) (internal quotation marks and citation omitted). Similarly, while probationers "are entitled to reasonable discovery in [revocation] hearings," the breadth of discovery is left to the district court's discretion. *State v. DeBorde*, 1996-NMCA-042, ¶¶ 9, 13, 121 N.M. 601, 915 P.2d 906.

{4}     Defendant does not contend he objected to the officer's testimony or otherwise alerted the district court that the video was not disclosed, which then would have allowed the State to respond to this argument; the district court to address whether the particular situation demanded disclosure and, if so, to exercise its discretion to fashion an appropriate remedy; and this Court to have a record for review. *See State v. Montoya*, 2016-NMCA-098, ¶ 15, 384 P.3d 1114 (stating that the purpose of the preservation requirement is to allow the opposing party to respond to the argument, the district court to make a ruling, and the appellate court to have a record for review). Because Defendant did not preserve this issue with a timely objection, we will not address it on appeal. *See State v. Sandoval*, 2003-NMSC-027, ¶ 16, 134 N.M. 453, 78 P.3d 907 (declining to address an unpreserved argument on appeal).

{5}     Defendant also repeats his contentions from the docketing statement that the district court lacked sufficient evidence to support its decision, and that the district court abused its discretion in revoking probation instead of returning him to probation. [MIO 8, 10] These arguments do not persuade us that this Court's proposed summary disposition was in error. *See State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003 (stating that "[a] party responding to a summary calendar notice must come forward and specifically point out errors of law and fact," and the repetition of earlier arguments does not fulfill this requirement), *superseded by statute on other grounds as stated in State v. Harris*, 2013-NMCA-031, ¶ 3, 297 P.3d 374. Accordingly, we affirm for the reasons stated in our notice of proposed disposition and this memorandum opinion. *See Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754,

955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law.").

**{6}     IT IS SO ORDERED.**

**KATHERINE A. WRAY, Judge**

**WE CONCUR:**

**JACQUELINE R. MEDINA, Chief Judge**

**MEGAN P. DUFFY, Judge**