2007-NMCA-049

157 P.3d 73

**STATE of New Mexico, Plaintiff–Appellant,**

v.

**Kenneth LOVATO, Defendant–Appellee.**

**No. 24,469.**

Court of Appeals of New Mexico.

March 6, 2007.

Certiorari Denied, No. 30,300, April 19, 2007.

Gary K. King, Attorney General, Arthur W. Pepin, Assistant Attorney General, Santa Fe, NM, for Appellant.

John Bigelow, Chief Public Defender, Trace L. Rabern, Assistant Appellate Defender, Santa Fe, NM, for Appellee.

## OPINION

VIGIL, Judge.

{1} In this appeal we consider whether a trial court may impose two habitual offender enhancements upon a defendant who has completed service of his sentence on the first of two underlying felonies, but remains incarcerated for the second. *See* NMSA 1978, § 31-18-17 (2003) (providing for an enhanced sentence of a convicted felon upon proof of one or more prior felonies). We conclude that Defendant had a reasonable expectation of finality in the sentence imposed for each underlying felony, and that when Defendant completed serving his sentence on the first felony, that sentence was not subject to being enhanced under the habitual offender statute, although he remained incarcerated on the second felony. We therefore hold that the trial court had no jurisdiction to impose two separate eight-year enhancements upon Defendant under the habitual offender statute and remand this case to the trial court with instructions to vacate the eight-year enhancement of Defendant's sentence under count one of the indictment.

## FACTUAL AND PROCEDURAL BACKGROUND

{2} Defendant was convicted of two fourth degree felonies (possession of a stolen vehicle and contributing to the delinquency of a minor) and a misdemeanor (concealing identi-

ty). NMSA 1978, §§ 66-3-505 (1978); 30-6-3 (1990); 30-22-3 (1963). Defendant was ordered to serve consecutive sentences as follows: one year for the vehicle felony, followed by one year of parole; then eighteen months for the contributing felony, followed by one year of parole; which were then followed by six months for the misdemeanor, for a total of three years of incarceration. Because Defendant received 359 days of presentence confinement credit, only six days of incarceration remained to be served on the first felony conviction at the time of sentencing. After serving the remaining six days, Defendant began serving the one-year parole term for the first felony concurrently with the incarceration sentence for the second felony. *See Gillespie v. State,* 107 N.M. 455, 456, 760 P.2d 147, 148 (1988) (explaining that *Brock v. Sullivan,* 105 N.M. 412, 414, 733 P.2d 860, 862 (1987) declared that "when a defendant is sentenced to consecutive terms of imprisonment for fourth degree felonies, the parole period for each offense commences immediately after the completion of the period of incarceration for each offense so that the parole period attached to each felony will run concurrently with any subsequent sentence then being served").

{3} While Defendant was still serving the parole term on the first felony and the incarceration sentence on the second felony, the State filed a supplemental criminal information seeking to add separate eight-year enhancements to each of Defendant's felony convictions under the habitual offender statute. Section 31-18-17(C) (providing in pertinent part that the basic sentence of a person convicted of a noncapital felony, who has incurred three or more prior felony convictions, shall be increased by eight years which shall not be suspended or deferred). However, when the hearing on the supplemental information was held, Defendant had fully completed serving his sentence on the first felony because by then he had completed serving the parole term imposed for that conviction. Following the hearing, the trial court imposed two eight-year habitual offender enhancements, but ordered that they be served concurrently. Therefore, instead of the nineteen-year incarceration sentence requested by the State (the original three

years with an eight-year enhancement on each of the two felonies, to be served consecutively), Defendant received an eleven-year incarceration sentence (the original three years with an eight-year enhancement on each of the two felonies to be served concurrently). Explaining its decision, the trial court said:

> Looking at the prior felony convictions ... they did not seem to be of a serious nature that would cause injury or anything of that nature, so I am going to sentence him to an additional eight years as to each count, but I'm going to run it concurrent to make it a total of eight years.

{4} The State appeals, arguing that the trial court was forbidden from running the habitual offender enhancements concurrently because Defendant had originally been ordered to serve the underlying felony sentences consecutively. In response, Defendant argues that regardless of his continued incarceration on the second felony, the trial court had no jurisdiction to enhance the first felony sentence because he had completely served it when the hearing on the supplemental criminal information was held. We agree with Defendant. Because our holding results in vacatur of the enhancement of the first felony sentence, we need not decide whether the trial court could properly order the two habitual offender enhancements to be served concurrently.

## STANDARD OF REVIEW

{5} The legality of a sentence is subject to de novo review on appeal. *State v. Brown*, 1999–NMSC–004, ¶ 8, 126 N.M. 642, 974 P.2d 136.

## ANALYSIS

{6} In New Mexico, the jurisdiction of a trial court to enhance a felony sentence under the habitual offender statute expires once a defendant has completed service of that sentence. *State v. Gaddy*, 110 N.M. 120, 122–23, 792 P.2d 1163, 1165–66 (Ct.App.1990) (holding that the trial court was deprived of jurisdiction to impose a habitual offender enhancement after the defendant had completely served the underlying sentence); *March v. State*, 109 N.M. 110, 111, 782 P.2d 82, 83 (1989) (holding that the trial court had no

jurisdiction to enhance the defendant's sentence because the earning of meritorious deductions had brought the defendant's service of his sentence to an end). This jurisdictional limitation is founded upon principles of double jeopardy: once a sentence has been served, a "defendant's punishment for the crime has come to an end." *State v. Roybal*, 120 N.M. 507, 510, 903 P.2d 249, 252 (Ct.App. 1995) (citing *Gaddy*, 110 N.M. at 122–23, 792 P.2d at 1165–66). At that point, a defendant's reasonable expectation of finality in the severity of his sentence attaches, and "[f]urther punishment for that crime under any enhancement provision would violate the prohibition on double jeopardy." *Id.*

{7} The State acknowledges this general rule, but argues that the trial court nevertheless had jurisdiction to enhance Defendant's first felony conviction because Defendant's reasonable expectation of finality attached to his aggregate sentence, rather than each separate sentence. The State therefore urges that we treat the entire three-year period of incarceration as a single unit for the purpose of (1) determining when Defendant's reasonable expectation of finality in the sentence attached for double jeopardy purposes; and (2) demarcating the trial court's jurisdiction to enhance each of Defendant's felony sentences. For the following reasons, we reject the State's argument.

{8} First, the State's argument overlooks the plain language of the habitual offender statute, which provides that the "basic sentence" of a person convicted of a felony is subject to being increased if that person has one or more prior felony convictions, with the amount of the increase depending on the number of prior felony convictions. Section 31–18–17. That is to say, in making its enhancement determination, a trial court makes no reference to a defendant's aggregate sentence; it simply enhances the "basic sentence" for each separate felony conviction. *See State v. House*, 2001–NMCA–011, ¶ 34, 130 N.M. 418, 25 P.3d 257 (noting that the enhancement of defendant's sentence was not based upon a single enhancement, but five two-year enhancements, "one enhancement for each basic sentence").

▮ {9} Second, as discussed at length in *Gaddy,* double jeopardy concerns arise when a defendant has completed service of a sentence, and the State thereafter seeks to impose additional punishment for that offense. 110 N.M. at 122–23, 792 P.2d at 1165–66; *see also State v. Mayberry,* 97 N.M. 760, 763, 643 P.2d 629, 632 (Ct.App.1982) (stating that, once a sentence is enhanced, the original felony sentence and enhancement become a "single sentence for one crime"). Under the State's argument, the double jeopardy principles which animate this jurisdictional limitation would not attach to each individual offense, but only the aggregate sentence. However, this argument is directly at odds with the plain language of the Fifth Amendment Double Jeopardy Clause, which states, "nor shall any person be subject for the *same offense* to be twice put in jeopardy." U.S. Const. amend. V (emphasis added); *See also* N.M. Const. art. II, § 15 ("nor shall any person be twice put in jeopardy for the *same offense*" (emphasis added)).

▮ {10} Finally, a defendant's reasonable expectation of finality in a sentence for double jeopardy purposes encompasses not only its length, but the manner in which the sentence is structured. *See State v. Porras,* 1999–NMCA–016, ¶ 13, 126 N.M. 628, 973 P.2d 880. The structure of Defendant's overall sentence meant that, after he served the sentence of incarceration and parole for the vehicle felony, he fully served his sentence for that crime, and his expectation that he could not be further punished for that crime attached. We can discern no reason why Defendant's expectation of finality in his first felony sentence was unreasonable, or was in any way diminished, simply because he remained incarcerated for a second, separate felony offense.

{11} The State's final argument is that since the supplemental criminal information seeking to enhance Defendant's sentence was filed before he completed serving his parole for the vehicle felony conviction, the trial court had a "reasonable" time to impose a habitual enhancement for that crime, even after the period of parole for that crime had expired. In support of its argument, the State relies upon *State v. Sandoval,* 2003– NMSC–027, ¶ 17, 134 N.M. 453, 78 P.3d 907, which held that the district court had a reasonable time after filing to rule on the State's petition to extend the time for commencement of a habitual offender proceeding that was filed before the time for commencing trial expired, but not ruled upon until after the time had expired. *Id.; see* Rule 5–604 NMRA (providing in pertinent part that if the trial is not commenced within six months after arraignment the information must be dismissed with prejudice, unless an extension of time to commence the trial is granted). *Sandoval* is not applicable. It does not address whether a sentence can be enhanced when the information seeking to enhance the sentence is filed before a defendant has fully served the underlying sentence, and the sentence is subsequently enhanced after the defendant has completed serving the underlying sentence. Instead, the State's argument is directly addressed and answered in *Gaddy,* where we said:

> It is reasonable … for a defendant to expect that if he completely serves the valid underlying sentence before the state proves he is a habitual offender, he has extinguished his criminal liability and there is no sentence left to enhance. This is so whether or not habitual offender proceedings have been filed already because the filing of such proceedings is not determinative of whether enhancement will actually occur. Only when a defendant is proven to be a habitual criminal is enhancement of the underlying sentence authorized, and the defendant's expectations of finality in the underlying sentence consequently destroyed. Up to that point, anything could happen in the habitual proceedings—the state could decide not to pursue them, or fail to prove its case. Therefore, we believe that double jeopardy considerations preclude the enhancement of a defendant's sentence after the defendant has completely served that underlying sentence, no matter when the habitual proceedings were initiated.

*Id.* at 122–23, 792 P.2d at 1165–66.

{12} For the foregoing reasons, we conclude that the trial court had no jurisdiction

**512**

to enhance Defendant's sentence for the vehicle felony under count one of the indictment.

**CONCLUSION**

{13} We remand to the trial court with instructions to vacate the eight-year enhancement of Defendant's sentence under count one of the indictment for possession of a stolen vehicle. The remaining issues raised in Defendant's cross-appeal have been decided in a separate memorandum opinion, and in all other respects, the judgment and sentence is affirmed.

{14} **IT IS SO ORDERED.**

WE CONCUR: CYNTHIA A. FRY and IRA ROBINSON, Judges.