This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

　　Plaintiff-Appellee,

v.　　　　　　　　　　　　　　　　　　**NO. 31,341**

**DONALD POWERS,**

　　Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Reed S. Sheppard, District Judge**

Gary K. King, Attorney General
Santa Fe, NM
M. Victoria Wilson, Assistant Attorney General
Albuquerque, NM

for Appellee

Jacqueline L. Cooper, Acting Chief Public Defender
Eleanor Brogan, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**WECHSLER, Judge.**

Defendant appeals from the district court order revoking his probation, enhancing his sentence, and ordering him to serve 2190 days of actual imprisonment. [RP 258-59] This Court issued a calendar notice proposing to summarily reverse (1) the district court's order revoking probation on Defendant's conviction for receiving or transferring a stolen vehicle, and (2) the district court's order enhancing the same conviction under the habitual offender statute. We further proposed to affirm the revocation of Defendant's probation and enhancement of his conviction for escape from a community custody release program, because Defendant did not appear to challenge the district court's order in that regard. Defendant has filed a memorandum in support of this Court's proposed disposition, and the State has filed a memorandum in opposition. Having given due consideration to the arguments submitted by the parties, and being unpersuaded by the State's arguments in opposition to our proposal, we now proceed with summary reversal, in part, and summary affirmance, in part.

The details of Defendant's plea agreement and original sentence are set out more fully in this Court's notice of proposed disposition. Defendant pleaded guilty to one count of receiving or transferring a stolen vehicle, and one count of escape from a community custody release program. [RP 118-19] These charges were brought separately but consolidated for the purpose of Defendant's plea. [MIO 1] Defendant was sentenced to twelve months on the stolen vehicle charge and eighteen

2

months on the escape charge. [RP 134] Each conviction was then enhanced by one year pursuant to the habitual offender statute. [RP 134-35] Defendant's plea agreement provided that the State would only enhance Defendant's convictions with one prior felony, but the plea agreement included Defendant's admission to four prior felony convictions that the State informed Defendant it would use if Defendant violate the terms of his probation or parole. [RP120] The district court ordered that Defendant's sentences be served consecutively. [Id.] The judgment and sentence of the Court required that Defendant serve two years' imprisonment for the habitual offender enhancements, but suspended the two-and-a-half year basic sentence and ordered supervised probation in its place. [RP 134-35] Furthermore, Defendant was ordered to serve one year of parole concurrent with his probation and commencing on his release. [RP 137]

In this Court's calendar notice, we proposed to conclude that the district court improperly enhanced Defendant's stolen vehicle conviction, where it appeared that both the probationary and parole period had been served with respect to that sentence. We cited to *State v. Lovato*, 2007-NMCA-049, 141 N.M. 508, 157 P.3d 73, in support of our conclusion. We pointed out that, in *Lovato*, the state had advanced a similar argument, contending that the district court had jurisdiction to enhance the defendant's first of two consecutive felony convictions, even once served, because the defendant's

"reasonable expectation of finality attached to his aggregate sentence, rather than each separate sentence." *Id.* ¶ 7. We directed the State to our holding in *Lovato*, which rejected that argument on double jeopardy grounds stating, "[w]e can discern no reason why [the d]efendant's expectation of finality in his first felony sentence was unreasonable, or was in any way diminished, simply because he remained incarcerated for a second, separate felony offense." *Id.* ¶¶ 9-10.

The State has directed this Court to cases interpreting NMSA 1978, Section 33-2-39 (1953). Section 33-2-39 deals with the term of a prisoner's commitment and provides: "Whenever any convict shall have been committed under several convictions with separate sentences, they shall be construed as one continuous sentence for the full length of all the sentences combined." The State also points to cases interpreting this statutory provision, in support of its argument that Defendant's consecutive sentences, including the term of probation, constitute a single sentence, and enhancement is therefore permitted until the aggregate sentence has been served. [MIO 7] To the extent the State argues that this statutory provision governing commitment, and not this Court's decision in *Lovato*, should control the outcome in this case, the State's argument is unavailing. *Lovato* addresses the specific double jeopardy concerns presented by the circumstances of this case and therefore controls.

To the extent the State attempts to distinguish *Lovato* by arguing that

Defendant's plea agreement defeats any expectation of finality that he might have had in the first of his two sentences, we are unpersuaded. The State relies on *State v. Villalobos*, 1998-NMSC-036, 126 N.M. 255, 968 P.2d 766, to argue that Defendant waived any time limitations under which the State could seek enhancement—i.e., Defendant waived his protection against double jeopardy. We note, however, that *Villalobos*, contained an express waiver. *Id.* ¶ 3 (quoting the language from the defendant's plea agreement that "[t]he Defendant expressly waives any and all time limits for filing habitual offender proceedings"). We conclude that, in the present case, Defendant's plea agreement contains no express language waiving the time limitations for the State to seek habitual offender enhancement. [RP 118-23] To the extent the State argues that the plea agreements uses "sentence" in its singular form and that such usage demonstrates Defendant's understanding that his sentences would be treated as unit, we conclude that this does not constitute an express waiver as present in *Villalobos* and is unpersuasive.

For the reasons stated above, and in this Court's notice of proposed disposition, we summarily reverse the enhancement of Defendant's conviction for receiving or transferring a stolen vehicle. We summarily affirm the revocation and enhancement of Defendant's sentence for escape from a community custody program.

**IT IS SO ORDERED.**


_____
**JAMES J. WECHSLER, Judge**

**WE CONCUR:**


_____
**JONATHAN B. SUTIN, Judge**


_____
**TIMOTHY L. GARCIA, Judge**