This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                                      **No. 32,207**

**DONALD POWERS,**

Defendant-Appellant,

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Reed S. Sheppard, District Judge**

Gary K. King, Attorney General
Santa Fe, NM
M. Victoria Wilson, Assistant Attorney General
Albuquerque, NM

for Appellee

Alex Chisholm
Albuquerque, NM

for Appellant

**MEMORANDUM OPINION**

**FRY, Judge.**

**{1}** Defendant appeals the district court's order revoking his probation and enhancing his sentence. Defendant argues that the district court lost jurisdiction to enhance his conviction for escape from a community custody release program because Defendant completed his term of probation for the conviction before the district court ordered Defendant's probation revoked and his sentence enhanced. As explained below, however, Defendant's argument misconstrues the timeline for the running of his term of probation and, because Defendant has not provided this Court with any authority indicating that the district court's order was otherwise contrary to law, we affirm.

**BACKGROUND**

**{2}** Defendant was charged in two separate cases with receiving or transferring a stolen vehicle and escape from a community custody release program. The cases were eventually consolidated, and Defendant entered into a plea agreement whereby he pleaded no contest to the charges in exchange for receiving one year for possession of a stolen vehicle, eighteen months for escape from a community release program, and one year habitual offender enhancements for each charge, bringing his overall exposure to four-and-a-half years of incarceration. The plea agreement also included Defendant's admission to four other prior felony convictions that Defendant agreed

2

could be used to enhance his sentence if he violated the terms of his probation or parole.

**{3}** At sentencing, the district court suspended Defendant's sentence for the underlying charges, leaving Defendant with two years' imprisonment on the habitual offender enhancements and a two-and-a-half year term of probation. Defendant received credit for twenty-three months of presentence confinement and was released from custody soon after sentencing but under conditions of probation.

**{4}** Defendant was subsequently arrested in August 2010 for battery against a household member and resisting an officer, and the State soon after initiated probation revocation proceedings. Defendant was adjudged guilty of the probation violation in December 2010, and in May 2011, Defendant's probation was revoked and his sentence enhanced. Defendant successfully appealed the sentence enhancement as applied to the conviction for possession of a stolen vehicle, arguing that his probationary term for the stolen vehicle conviction had ended before probation was revoked. *State v. Powers*, No. 31,341 (Ct. App. Dec. 1, 2011). Although this Court reversed enhancement of Defendant's possession of a stolen vehicle conviction in that appeal, we affirmed enhancement of the conviction for escape from a community release program and remanded to the district court to sentence Defendant accordingly. *Id.*

{5}    On remand, however, Defendant argued that the district court had also lost jurisdiction to enhance the escape conviction. According to Defendant, instead of his probation beginning when he was released from custody in May 2009, it actually began during his presentence confinement. Defendant thus argued that his first year of presentence confinement was spent serving the one year enhancement for the possession of a stolen vehicle conviction and the second year was spent serving the enhancement for escape from a community release program while simultaneously serving the first year of his probation. Under Defendant's calculation, when he was released from custody, he had eighteen months of probation remaining and, by the time his probation was revoked in May 2011, the district court had lost jurisdiction to revoke the probation and enhance his sentence. For the reasons that follow, we conclude that Defendant's term of probation did not begin until he was released from custody. Accordingly, Defendant's term of probation ended in November 2011, not November 2010, and the district court retained jurisdiction to revoke Defendant's probation and enhance his sentence for the conviction of escape from a community release program.

**DISCUSSION**

**Standard of Review**

4

**{6}** Defendant's sole argument on appeal is that the district court lost jurisdiction to revoke his probation and enhance his sentence, in violation of double jeopardy principles. We review this issue under a de novo standard of review. *State v. Redhouse*, 2011-NMCA-118, ¶ 5, 269 P.3d 8.

**Defendant Was On Probation When He Committed the Crimes Underlying His Probation Revocation Proceedings**

**{7}** "[T]he jurisdiction of a trial court to enhance a felony sentence under the habitual offender statute expires once a defendant has completed service of that sentence." *State v. Lovato*, 2007-NMCA-049, ¶ 6, 141 N.M. 508, 157 P.3d 73; *see also State v. Freed*, 1996-NMCA-044, ¶ 8, 121 N.M. 569, 915 P.2d 325 ("The prosecutor may seek [a habitual offender] enhancement at any time following conviction, as long as the sentence enhancement is imposed before the defendant finishes serving the term of incarceration and any parole or probation that may follow that term."). "This jurisdictional limitation is founded upon principles of double jeopardy: once a sentence has been served, a defendant's punishment for the crime has come to end." *Lovato*, 2007-NMCA-049, ¶ 6 (internal quotation marks and citation omitted). Thus, "[f]urther punishment for that crime under any enhancement provision would violate the prohibition on double jeopardy." *State v. Roybal*, 1995-NMCA-097, ¶ 8, 120 N.M. 507, 903 P.2d 249.

**{8}** Double jeopardy concerns are only implicated, however, if the defendant has "an objectively reasonable expectation of finality" in the sentence. *Redhouse*, 2011-NMCA-118, ¶ 10 ("Increasing a defendant's sentence after a defendant begins serving the sentence implicates double jeopardy concerns if a defendant's objectively reasonable expectations of finality in the original sentencing proceedings are violated."). Therefore, in order to establish that the district court was without jurisdiction to impose the enhancement, two things must be established: "(1) [the Defendant] must have had an expectation of finality in his original sentence; and (2) that expectation must have been reasonable." *State v. Trujillo*, 2007-NMSC-017, ¶ 11, 141 N.M. 451, 157 P.3d 16.[1]

**{9}** In this case, we understand Defendant's argument to be that he had a reasonable expectation of finality in his sentence because it was reasonable for him to believe that his term of probation began during his second year of incarceration and was completed before his probation was revoked. Generally, however, an individual on

---

[1]It is important to note that Defendant did not raise the sentencing timeline he now argues on appeal until after this case was remanded to the district court following his initial appeal. In fact, we previously affirmed enhancement of the escape sentence because he did not raise the issue in his first appeal. *Powers*, No. 31,341. Although our Supreme Court has previously found such types of delay to indicate that no reasonable expectation of finality existed, we proceed to address Defendant's argument. *See Trujillo*, 2007-NMSC-017, ¶ 12 ("Had [the defendant] had an expectation of finality in his original sentence in the first place, we would expect [the defendant] to have raised the issue *at some point* before his briefing to the Court of Appeals.").

probation has no reasonable expectation of finality in his sentence if he acknowledges in a plea agreement that if he violates the terms of his probation that he could be subject to habitual offender enhancements. *See State v. Villalobos*, 1998-NMSC-036, ¶¶ 10-13, 126 N.M. 255, 968 P.2d 766 (holding that the defendant on probation had no reasonable expectation of finality in his sentence because in his plea agreement he acknowledged that if he violated the terms of his probation he would be subject to habitual offender enhancements). Therefore, because Defendant admitted in the plea agreement to his prior felonies and agreed that they could serve as the basis for further habitual offender proceedings should he violate probation, the issue before us is the more basic question of whether Defendant was on probation when he committed the crimes that served as the basis of his probation revocation proceedings. And, in this case, determining whether Defendant was on probation does not turn on Defendant's reasonable expectations; rather, it is based on the plain language of the judgment and sentence.

{10} The district court ordered that Defendant be placed on supervised probation for two-and-a-half years "following release from custody." Similarly, the district court's order of probation stated that Defendant would be placed under supervised probation for a "period of [two] year(s), [six] month(s) . . . beginning 5/21/2009 . . . until 11/20/2011." Given this clear language, we cannot agree with Defendant that there

is any ambiguity as to when the district court intended Defendant's term of probation to begin. It was to begin following his release from custody and end in November 2011. *Cf. State v. Pando*, 1996-NMCA-078, ¶ 12, 122 N.M. 167, 921 P.2d 1285 ("We will not substitute an artificial and inaccurate interpretation for the plain and clear meaning of an unambiguous sentence.").

**The District Court's Sentencing Order Was Not Otherwise Contrary to Law**

{11} We further conclude that our interpretation of the district court's sentencing order does not conflict with any reasonable expectation of finality Defendant had in his sentence, either by virtue of his plea agreement or via any other principle of law mandating that Defendant's term of probation begin during his presentence confinement.

{12} With respect to the plea agreement, Defendant expressly agreed that if he violated probation, he could receive enhanced sentences. Therefore, Defendant could not have had a reasonable expectation of finality in the sentence set out in the plea agreement given his express acknowledgment of potential enhancements if he violated probation.

{13} Furthermore, Defendant has not cited any authority supporting the proposition that once a defendant is granted a term of probation, that probation must be retroactively applied to or credited with time served in presentence confinement. *Cf.*

8

*In re Adoption of Doe*, 1984-NMSC-024, ¶ 2, 100 N.M. 764, 676 P.2d 1329 (stating that where a party cites no authority to support an argument, we may assume no such authority exists). Defendant was credited two years toward his sentence due to time served in presentence confinement. Such credit is statutorily mandated. *See* NMSA 1978, § 31-20-12 (1977) (requiring that a defendant be given credit toward the eventual sentence for time served in presentence confinement). However, in arguing that his probation began concurrently with his second year of presentence confinement, Defendant is essentially asking us to conclude that he was also serving a term of probation during his presentence confinement, despite the fact that he had not been granted probation until his actual sentencing. *Cf. State v. Follis*, 1970-NMCA-083, ¶ 8, 81 N.M. 690, 472 P.2d 655 ("The suspension or deferment of a sentence is not a matter of right but is an act of clemency within the [district] court's discretion."). The district court is not required to credit one's time served toward a term of probation such that the time served on probation following release from custody is reduced by the amount of time spent in presentence confinement. *See State v. Nieto*, 2013-NMCA-065, ¶ 7, 303 P.3d 855 ("[W]e cannot construe Section 31-20-12 to mean that pre[]sentence confinement credit must reduce sentences of probation[.]"), *cert. denied*, 2013-NMCERT-004, 301 P.3d 858.

{14}     Finally, we are not persuaded by Defendant's reliance on *Brock v. Sullivan* for the proposition that he could reasonably expect his term of probation to begin concurrently with his second year of incarceration.[2] 1987-NMSC-013, ¶ 13, 105 N.M. 412, 733 P.2d 860 (holding that in cases of consecutive sentencing, "the *parole* period of each offense commences immediately after the period of imprisonment for that offense, and such parole time will run concurrently with the running of any subsequent basic sentence then being served" (emphasis added)). The Court in *Brock* was construing NMSA 1978, Section 31-18-15(C) (2007). This statutory provision is concerned with parole and makes no mention of probation. *See* § 31-18-15(C) ("The court shall include in the judgment and sentence of each person convicted and sentenced to imprisonment . . . a period of parole to be served . . . after the completion of any actual time of imprisonment. . . .   The period of parole shall be deemed to be part of the sentence of the convicted person[.]"). And Defendant has not cited any further authority indicating that the rule announced in *Brock* has been extended to apply to probation. *Cf. In re Adoption of Doe*, 1984-NMSC-024, ¶ 2. Therefore, we do not agree that *Brock* requires a different result in this case.

---

[2]The State raises the issue of the continuing validity of *Brock* after *State v. Lopez*, 2007-NMSC-011, ¶ 11, 141 N.M. 293, 154 P.3d 668. However, we need not reach this issue because we conclude that the holding of *Brock* was never intended to extend to the realm of probation.

**{15}**     Thus, there is no basis to conclude that the district court was required to credit Defendant's time served in presentence confinement to his term of probation. Consequently, because the district court did not err in imposing the term of probation *after* Defendant's release from custody, the district court did not further err in revoking Defendant's probation on the escape conviction and in enhancing Defendant's sentence.

**CONCLUSION**

**{16}**     For the foregoing reasons, we affirm the district court's order revoking Defendant's probation and enhancing his sentence.

**{17}     IT IS SO ORDERED.**


_____
**CYNTHIA A. FRY, Judge**

**WE CONCUR:**


_____
**LINDA M. VANZI, Judge**


_____
**M. MONICA ZAMORA, Judge**